IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SolAmerica Energy Services, LLC, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:22-cv-50391 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| ) | |
| J-Hulick Electric I, Inc., *d/b/a* J. Hulick Electric, ) | |
| and Christopher Stewart, ) | |
| ) | |
| *Defendants*. ) | |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is this Court's report and recommendation that Plaintiff's motion for default judgment [50] be granted and that judgment be entered in favor of Plaintiff SolAmerica Energy Services, LLC and against Defendant J-Hulick Electric I, Inc. on Counts I and III and Defendant Christopher Stewart on Count III, in the total amount of $345,000 in damages, plus prejudgment interest at a rate of 5% per annum from July 18, 2022 through the date of judgment (at a rate of $47.26 per day), plus $402 in costs, for which Defendants will be held jointly and severally liable. Any objection to this report and recommendation must be filed by February 27, 2024. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989).

**STATEMENT**

**I. Background**

Before the Court is Plaintiff SolAmerica Energy Services, LLC's motion for default judgment against Defendants J-Hulick Electric I, Inc. ("J-Hulick Electric") and Christopher

Stewart ("Stewart"), member and vice president of J-Hulick Electric ("Defendants"). Dkt. 50. Plaintiff filed its initial complaint on November 11, 2022, and an amended complaint on August 18, 2023.[1] Plaintiff's amended complaint asserts three claims: breach of contract against J-Hulick Electric (Count I); recission against J-Hulick Electric (Count II, alternative to Count I); and fraud against both Defendants (Count III). Dkt. 40. Plaintiff has alleged sufficient facts to establish this Court has jurisdiction over the subject matter of this case and the parties. Venue is also proper in this District.

Plaintiff served the amended compliant on J-Hulick Electric on August 28, 2023, Dkt. 41, and Stewart on August 29, 2023. Dkt. 42. After Defendants failed to respond to the amended complaint, this Court granted Plaintiff's motion for entry of default. Dkt. 48. The Clerk of Court entered an order of default against Defendants on November 29, 2023. Dkt. 49. Plaintiff's counsel has averred that Stewart is not a minor, incompetent, or in active military service. Dkt. 43-1.

On December 14, 2023, Plaintiff filed a motion for default judgment against Defendants seeking $345,000 in damages, plus prejudgment interest, and costs. Dkt. 50.[2] Plaintiff mailed a copy of the motion to Defendants on the same day. This Court set Plaintiff's motion for a hearing on January 23, 2024 and mailed Defendants a copy of the order setting the hearing. Dkt. 53. To date, Defendants have not appeared or responded to Plaintiff's motion for default judgment.

## II. Liability

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

---

[1] Plaintiff's amended complaint dropped its claims against Stewart Electric LLC. *See* Dkts. 1, 40. Defendants J-Hulick Electric and Stewart were served with the original complaint, and the Clerk of Court entered an order of default after they failed to respond. Dkt. 20.
[2] Plaintiff's original motion for default judgment [30] was stricken as moot. Dkt. 39.

First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, once a default has been entered, the Court may, on motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Following the Clerk's entry of default against both Defendants, Defendants have failed to appear and have not moved to set aside the entry of default. Accordingly, by reason of default, Defendants J-Hulick Electric and Stewart have admitted all the well-pleaded allegations in Plaintiff's amended complaint relating to liability. *See Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, it remains for the Court to determine whether the unchallenged facts constitute a legitimate cause of action. *See Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); 10A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2688 (4th ed. 2020).

Plaintiff's motion for default judgment seeks judgment "on all counts" of the amended complaint. Dkt. 50 at 3. Plaintiff's amended complaint asserts three claims, namely for breach of contract, recission, and fraud. Dkt. 40. However, Plaintiff's claim for recission is pled in the alternative to its claim for breach of contract. Accordingly, this Court will limit its analysis to Plaintiff's breach of contract and fraud claims. *See The Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F. Supp. 713, 718 (S.D. Ind. 1991) (stating that Rule 8 "allows a party to plead alternative theories of relief" for breach of contract and recission but that a "party must elect between inconsistent forms of relief when both forms of relief become ripe to choose between them."), *opinion modified on denial of reconsideration sub nom. Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164 (S.D. Ind. 1992); *Lempa v. Finkel*, 663 N.E.2d 158, 163 (Ill. App. 2d Dist. 1996) ("[A] remedy

3

based on the affirmance of a contract (*e.g.*, damages) is generally inconsistent with one based on the disaffirmance of the contract (*e.g.*, rescission).").

In Illinois, a breach of contract claim requires: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev. v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Plaintiff alleges that it has a contract with J-Hulick Electric, it provided an initial $345,000 deposit for J-Hulick Electric to begin performing the agreed upon electrical work for a solar panel project on July 18, 2022, J-Hulick Electric never performed, and, as a result, Plaintiff has suffered $345,000 in damages. *See* Dkt. 40 ¶¶ 13, 28–29, 42–46. Taking these factual allegations as true, the Court concludes that Plaintiff has sufficiently established the elements of its breach of contract claim.

The elements for a fraud claim in Illinois are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir.2007) (quoting *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996)). "Fraud allegations are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which require the plaintiff to plead the who, what, when, where, and how of the alleged fraud." *Mandel Metals, Inc. v. Walker Group Holdings*, No. 14 CV 8493, 2015 WL 3962005, at *6 (N.D. Ill. June 26, 2015) (internal quotation marks and citation omitted). Plaintiff alleges that Stewart made false statements that J-Hulick Electric was ready, willing, and able to perform electrical work for the project, which Stewart knew were false, in order to induce Plaintiff to enter into a contract with J-Hulick Electric

and subsequently pay the $345,000 deposit to start the work, Plaintiff relied on those false statements in doing so, and, as a result, Plaintiff suffered $345,000 in damages. *See* Dkt. 40 ¶¶ 10–33, 41, 53–60. Plaintiff pleads with particularity the circumstances it states constitute fraud. Taking these factual allegations as true, the Court finds that Plaintiff has sufficiently established the elements of its fraud claim.

### III. Damages

With liability established, the Court will now address Plaintiff's request for damages. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Furthermore, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "A court has discretion to determine the amount of damages to be awarded pursuant to the default judgment." *Smerling v. Dever*, No. 12 CV 50362, 2015 WL 75016, at *3 (N.D. Ill. Jan. 6, 2015). "Under Illinois law, the evidence need only tend to show a basis for the computation of damages with a fair degree of probability." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 611 (7th Cir. 2006) (internal quotation marks and citation omitted).

In its motion, Plaintiff requests damages in the amount of $345,000 for the initial deposit it paid to J-Hulick Electric, plus prejudgment interest pursuant to the Illinois Interest Act, 815 ILCS 205/2, and costs.[3] Plaintiff has submitted an affidavit from Katherine Mason, Chief

---

[3] Although this Court recommends that judgment be entered for Plaintiff on its breach of contract and fraud claims, Defendants' liability is based on one contract. Nevertheless, Plaintiff seeks only a single recovery for its damages as it relates to both claims.

Financial Officer of Plaintiff's parent company, in support of its request for $345,000 in damages. Dkt. 50-1. Ms. Mason avers that Plaintiff transmitted a sum of $345,000 via ACH transfer to J-Hulick Electric on July 15, 2022, and that the transfer cleared and debited from Plaintiff's account on July 18, 2022. *See* Dkt. 50-1. In light of this affidavit and the supporting exhibits, this Court finds it unnecessary to hold a hearing on damages because the $345,000 amount is "capable of ascertainment" from this evidence. *Dundee Cement Co*, 722 F.2d at 1323. Furthermore, this Court is satisfied that the evidence provided supports an award of $345,000 for the deposit Plaintiff paid to J-Hulick Electric.

Plaintiff also seeks prejudgment interest on the $345,000 in the amount of 5% per annum under the Illinois Interest Act, 815 ILCS 205/2. In Illinois, an award of prejudgment interest is appropriate where it is "authorized by statute, agreement of the parties [,] or warranted by equitable considerations." *Tully v. McLean*, 948 N.E.2d 714 (1st Dist. 2011). Section two of the Illinois Interest Act allows for prejudgment interest at a rate of 5% per annum per year "for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." 815 ILCS 205/2.[4] "An instrument of writing is one which establishes a creditor-debtor relationship, which includes contracts." *Califf & Harper, P.C. v. Energy Data Res., LLC*, No. 4:18-cv-04169-

---

[4] Section 2 of the Illinois Interest Act provides:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

815 ILCS 205/2.

6

SLD-JEH, 2019 WL 13203958, at *2 (C.D. Ill. Sept. 3, 2019) (internal quotation marks and citation omitted). "Damages must also be fixed and easily ascertainable in order for prejudgment interest to be awarded pursuant to section 2." *Id.* (awarding prejudgment interest for breach of contract claim); *Fifth Third Mortgage Co. v. Kaufman*, No. 12 C 4693, 2017 WL 4021230, at *11 (N.D. Ill. July 25, 2017) (awarding prejudgment interest for money paid as a result of fraud), *aff'd*, 934 F.3d 585 (7th Cir. 2019).

The Court finds that the contract between Plaintiff and J-Hulick Electric is an instrument in writing under section of the Illinois Interest Act and that Plaintiff's damages ($345,000) are fixed and easily ascertainable. Additionally, the Court agrees with Plaintiff's proffered calculation in its affidavit. Dkt. 50-1. Five percent of $345,000 is $17,250 per year, or $47.26 per day. Accordingly, this Court recommends that Plaintiff be awarded prejudgment interest at a rate of 5% per annum from July 18, 2022, when the deposit was debited from Plaintiff's account, through the date judgment is entered (at a rate of $47.26 per day).

Lasty, Plaintiff seeks "all costs for this action, including but not limited to filing fees and collection fees." Dkt. 50 at 3. Plaintiff is entitled to court costs as the prevailing party under Federal Rule of Civil Procedure 54(d)(1). However, other than paying the filing fee, which is evidenced on the docket, Plaintiff does not identify the other costs it seeks or present any evidence that it incurred such costs. *See* Dkt. 1 (receipt for filing fee of $402). Absent such evidence, the Court will not award unsupported costs. Accordingly, this Court recommends that Plaintiff be awarded $402 in court costs for payment of the filing fee in this case.

Based upon the evidence presented, it is this Court's report and recommendation that Plaintiff's motion for default judgment be granted and that judgment be entered in favor of Plaintiff

7

and against J-Hulick Electric on Counts I and III and Stewart on Count III, in the total amount of $345,000 in damages, plus prejudgment interest at a rate of 5% per annum from July 18, 2022 through the date of judgment (at a rate of $47.26 per day), plus $402 in costs, for which Defendants will be held jointly and severally liable.

Date: February 13, 2024        By:    /s/ Lisa A. Jensen
                                      Lisa A. Jensen
                                      United States Magistrate Judge