# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| SOLAMERICA ENERGY SERVICES, LLC, ) | |
| Plaintiff, ) | |
| ) | No. 22 CV 50391 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| J-HULICK ELECTRIC I, INC., *et al.* ) | |
| Defendants. ) | |

## ORDER

    Plaintiff SolAmerica Energy Services, LLC alleges that defendants J-Hulick Electric I, Inc. and Christopher Stewart duped it into signing a contract to install solar panels that the defendants knew they would be unable to perform. *See* Dkt. 40 (First Amended Complaint). It brings a claim of breach of contract, or alternatively seeks recission, against J-Hulick Electric, and claims of fraud against both J-Hulick Electric and its vice-president Christopher Stewart. Defendant J-Hulick Electric was served with summons and the first amended complaint through its registered agent on August 28, 2023, *see* Dkt. 41, and defendant Stewart was personally served the following day, *see* Dkt. 42, but to date neither defendant has answered or even appeared. On October 9, 2023, the plaintiff moved for entry of an order of default against both defendants, *see* Dkt. 43, which it mailed to the addresses where each was served, *see* Dkt. 46. Magistrate Judge Jensen then gave the defendants to November 27, 2023, to respond and sent that order to the addresses where each defendant was served. After hearing from neither defendant, on November 29, 2023, she granted the motion for entry of an order of default, *see* Dkt. 48, and the Clerk of Court entered the order of default that same day and mailed a copy to the addresses where each defendant was served, *see* Dkt. 49.

    On December 14, 2023, the plaintiff moved for default judgment. *See* Dkt. 50. Judge Jensen set the motion for a telephonic hearing on January 23, 2024, and mailed notice of the hearing to the defendants at the addresses where each was served. *See* Dkt. 53. Neither defendant participated in the telephonic hearing. *See* Dkt. 54.

    Before the Court is a Report and Recommendation from Judge Jensen recommending that the Court grant plaintiff SolAmerica Energy Services, LLC's motion for a default judgment [50] against J-Hulick Electric and Christopher Stewart. *See* Dkt. 55. She recommended finding the defendants liable on the counts against them (except the recission count, which was alleged in the alternative to the breach of contract count), and awarding damages in the amount of $345,000, which was the initial deposit the plaintiff paid J-Hulick, plus prejudgment interest under the Illinois Interest Act, 815 ILCS 205/2, accruing at the rate of 5% per annum and which Judge Jensen computed to be $47.26 per day, plus costs in the amount of the filing fee, $402. *Id.* Judge Jensen mailed a copy of her Report and Recommendation to the defendants at the addresses where each was served, and consistent with Federal Rule of Civil Procedure 72(b)(2) gave them to February 27, 2024, for any objections. *Id.*

Neither defendant has filed an objection.  Defendant Stewart filed a motion dated February 27, 2024, and docketed on February 29, 2024, to "stay any deadlines until he can find different counsel to represent *him*."  *See* Dkt. 56 (emphasis added).  The motion says nothing of extending the deadline for defendant J-Hulick Electric.  After a hearing on the motion, Judge Jensen denied it.  *See* Dkt. 58.  Mr. Stewart did not object to Judge Jensen's order denying his motion to extend the deadline for objections to her Report and Recommendation.

Although Mr. Stewart did not object to Judge Jensen's order denying his request to extend his deadline to object, this Court addresses the order briefly.  Judge Jensen had given the defendants to February 27, 2024, to object to her Report and Recommendation.  Because the clerk served the order on the defendants by mail, under Fed. R. Civ. P. 6(d) the defendants had an additional three days to file any objection, or until March 1, 2024.  It is not clear from the docket whether Mr. Stewart's motion for an extension should be considered filed on February 27, 2024, or February 29, 2024, but either way his motion was filed before the March 1, 2024, deadline to object had passed.  Under Fed. R. Civ. P. 6(b), the court may extend a deadline that has not yet passed for good cause.  As used in Rule 6(b), good cause imposes only a light burden on the party moving for the extension.  *See McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. July 14, 2015) (detailing the differences between "good cause" and "excusable neglect" as used in Rules 6 and 16).  However, Rule 6(b) states only that a court "may" grant an extension, not that it must grant an extension, and the decision whether or not to grant an extension is left to the court's discretion.  *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012).

During the hearing on the motion, Judge Jensen asked Mr. Stewart why he needed more time.  *See* Recording of March 14, 2024, Hearing.  Mr. Stewart explained that when he was first served with the original complaint in December 2022 he showed it to an attorney he had used in the past, Fadi Rustom, but they both thought the claims were "off-the-wall crazy" and decided to just "sit back and see what happens."  He told Judge Jensen that he eventually contacted Mr. Rustom again in September or October 2023 to retain him to handle this case and to sue the plaintiff for failing to pay for work, but Mr. Rustom has not done either of those things yet.  Mr. Stewart stated that after receiving the Report and Recommendation, he was unable to reach Mr. Rustom, he looked for a new attorney, but J-Hulick Electric is now out of business and so he cannot afford the $20,000 retainer all of the attorneys want.  He did not explain how more time would allow him to pay a $20,000 retainer.  By his own admission, Mr. Stewart intentionally ignored the case for nearly a year because he thought it was "off-the-wall crazy," finally retained counsel six months ago but counsel has so far not acted on his behalf, has no current prospect for finding counsel to represent him and J-Hulick Electric, and never alerted Judge Jensen to any of this until after an order of default had already entered and Judge Jensen had recommended judgment be entered.  None of this constitutes good cause, and Judge Jensen's decision to deny the motion for an extension of time was not clearly erroneous or contrary to law.

In the absence of any timely objection, the Court accepts Judge Jensen's Report and Recommendation [55].  The defendants were properly served, failed to timely appear and answer, and failed to respond to the motion for entry of an order of default, thereby admitting the facts alleged, *see Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319,

1323 (7th Cir. 1983), which support claims of breach of contract by J-Hulick Electric, and fraud by both defendants. The request for damages is well supported. Both defendants were served notice of the motion for default judgment, but neither responded. Accordingly, consistent with the Report and Recommendation, the Court grants the plaintiff's motion for entry of default judgment [50]. Judgment is entered in the amount of $345,000 in favor of the plaintiff. The plaintiff is also awarded prejudgment interest as allowed under 815 ILCS 205/2, plus costs of $402. Civil case terminated.

Date: April 12, 2024          By: _____
                                                     Iain D. Johnston
                                                     United States District Judge